DREW, J.
|!Plaintiff, Berta Mae Clark, a duly qualified elector in the Town of Waterproof, filed this action objecting to the candidacy of defendant, Kemmeka Davis, for the office of Mayor of Waterproof. Clark alleged that Davis was not a duly qualified resident of Waterproof and had not been legally domiciled in Waterproof for the one-year period required by law. The trial court ruled in favor of Davis, finding that Clark failed to prove her case. For the following reasons, we affirm the trial court’s ruling.
FACTS
On August 15, 2006, Clark filed a petition objecting to Davis’ qualifications for Mayor of the Town of Waterproof. The following factual allegations in the petition are undisputed and are fully supported by the evidence:
• Davis registered to vote in Tensas Parish on January 20, 2006.
• On the date Davis registered to vote in Tensas Parish, she gave her address as 609 Fifth Street, Waterproof, Louisiana.
• Immediately prior to registering to vote in Tensas Parish, Davis had been registered to vote in East Baton Rouge Parish.
Alleging that Davis failed to meet the requisite qualifications for mayor because she was not a duly qualified resident and had not been legally domiciled in Waterproof for the required year, Clark prayed that Davis be disqualified as a candidate for Mayor of Waterproof.
In compliance with the provisions of La. R.S. 18:1406, the trial court ordered Davis to be served and to appear in court on August 18, 2006, for trial. On that date, Clark’s attorney first introduced evidence showing that Clark was a duly qualified elector in the Town of Waterproof. Next, the 12attorney introduced voter registration records on Davis that established the three facts listed above. Davis herself then was called to the stand. She testified that for the preceding six months she had resided at 607 Fifth Street in Waterproof, and that prior to living at that address, she lived at 229 Main Street in Waterproof for approximately 11 months, making a total of 17 months of residency in the town. She further indicated that since May 2006, she had been employed with Macon Ridge CDC, and prior to that had been employed *1105 with Pride of Waterproof Community Association where she had worked since 2008 as the director of that non-profit corporation.
When asked if she had evidence to show that she lived for 11 months at 229 Main Street, Davis responded in the negative; when asked if she had evidence to prove that she lived at 607 Fifth Street for six months, Davis also responded in the negative. When asked about her voter registration, she indicated that she had initially registered to vote in Tensas Parish in 1998, but changed her registration in 2003 to East Baton Rouge Parish where she maintained her registration until 2006. She further testified that while she was registered to vote in East Baton Rouge Parish, she had voted in the presidential election. Then, on January 20, 2006, she changed her voting registration back to Tensas Parish, giving the address of 609 Fifth Street, Waterproof.[1] She concluded her testimony by acknowledging that at the time she qualified as a candidate for Mayor of Waterproof on August 11, 2006, she realized that she was required to have been domiciled and actually presiding in Waterproof for the year prior to that date, and that she realized she had not registered to vote in Tensas Parish until January 20, 2006.
Clark presented no further evidence. Davis called no witnesses, and only introduced a copy of a judicial opinion from the Third Circuit Court of Appeal as “evidence.” After hearing argument from Clark’s counsel and from Davis, the trial court rejected Clark’s challenge to Davis’ candidacy. The court later issued written reasons for judgment stating that Clark simply failed to carry her burden of proof that Davis either was not domiciled, or did not actually reside in Waterproof for the one-year period required by La. R.S. 83:384. The court noted that the only evidence tending to support Clark’s claim was that Davis registered to vote in Ten-sas Parish on January 20, 2006. However, the court concluded that such evidence, standing alone, was not sufficient to carry Clark’s burden of proof, and that being registered to vote for one year is not a qualification for mayor. This timely appeal followed.
DISCUSSION
The pertinent requirements for qualification in this case are set forth in the provisions of La. R.S. 33:384:
The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality.
The trial court found that Clark failed to prove that Davis did not meet the statutory requirements of domicile and actual residence. These are factual findings, and longstanding case law from the Louisiana Supreme Court demands that courts of appeal give great deference to a trier of fact’s | ¿factual findings based on credibility judgments. Landiak v. Richmond, 2005-0758 (La.3/24/05), 899 So.2d 535.
Furthermore, because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that a candidate is disqualified; when domicile is required for candidacy, the burden of proving lack of domicile is on the party objecting to candidacy. Landiak, supra.
*1106 In this case, the trial court plainly believed Davis’ testimony concerning domicile and actual residence, and found the other evidence supported her testimony with the exception of her registering to vote in Tensas Parish in January 2006. Clark had the burden of proof to show that Davis had not been domiciled and actually resided in Tensas Parish for the requisite year. This she failed to do.
We note that we do not read Davis’ testimony to indicate she could not produce further proof of her residence at the Waterproof addresses, but only that she had no such proof with her at trial. We further note that there is no indication Clark attempted to have Davis bring such proof to court.
Given the facts and legal principles discussed above, and for the additional reasons set forth below, we must reject Clark’s argument on appeal that Clark presented a prima facie case of disqualification based on lack of domicile and actual residence that shifted the burden of going forward to Davis.
In Davis v. English, 28,251 (La.App. 2d Cir.9/22/95), 660 So.2d 576, we were called upon to interpret the domicile requirements for a | ¡¡candidate for the Louisiana State Senate. The constitutional provisions required, in part, that a candidate must have been “actually domiciled for the preceding year in the legislative district from which he seeks election....” In discussing the domicile requirement, we noted the provisions of La. C.C. art. 38:
The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.
We indicated in Davis our cognizance of jurisprudence favoring in close cases a candidate’s right of political suffrage, and we noted that the law governing the conduct of elections should be liberally interpreted so as to promote rather than to defeat candidacy.
Similarly, in Landiak, supra, the Supreme Court cited Article 38 when discussing domicile in an election case.
We conclude, as did the trial court herein, that the majority of the evidence indicates Davis had her “habitual residence” in Waterproof. This is not a case in which Davis resided alternatively in several places; in fact, there is no evidence that Davis had any actual residence other than a Waterproof residence over the preceding 17 months.
As for the weight to be given Davis’ change in voter registration in January 2006, we observe that is commonplace for a citizen not to change | fivoter registration immediately upon moving from one parish of residence to another. Instead, citizens often may not change registration until they wish to vote in an election. For this reason, voter registration is only one factor, albeit an important factor, in determining domicile and actual residence. The statutory requirements do not include a requirement that a mayoral candidate shall be an elector of the municipality for at least the immediately preceding year, and the jurisprudence, while adverting to voter registration as one factor to consider for purposes of domicile, does not hold that voter registration is a sine qua non for domicile. Thus, change of voter registration in January 2006 was not sufficient, *1107 when considered with Davis’ testimony and her sworn candidacy form, to shift the burden of going forward to Davis on the question of domicile and actual residence.
In summary, we will not disturb the trial court’s decision here, in consideration of the following:
• the plaintiffs burden to establish by a preponderance of the evidence the defendant’s lack of qualifications,
• the evidence adduced herein, and
• the trial court’s great discretion in determining factual issues.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby affirmed at appellant’s costs.
AFFIRMED.

. Although the voter registration form lists her address as 609 Fifth Street, we recognize that Davis testified that she lives at 607 Fifth Street.