# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

**DOCKET NUMBER
2024 CE 0697**

**APRIL KING**

**VERSUS**

**SHELTON BERRY, AND HON. AMANDA GROSS THIES,
WEST BATON ROUGE PARISH CLERK OF COURT**

AUG 0 8 2024

Judgment Rendered: _____

\*\*\*\*\*\*\*\*

On Appeal from the
Eighteenth Judicial District Court
Parish of West Baton Rouge, State of Louisiana
Case Number 1049360

Honorable Elizabeth A. Engolio, Judge Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Michelle A. Charles<br>Metairie, Louisiana | Counsel for Defendant/Appellant<br>Shelton Berry |
| Douglas S. Smith, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>April King |

BEFORE: McCLENDON, CHUTZ, WOLFE, MILLER, and GREENE, JJ.

Chutz, J. Dissents w/ Reasons

McClendon J. Concurs fr Reasons Assigned.

**GREENE, J.**

Shelton Berry appeals the district court's judgment disqualifying him as a candidate for the Office of Port Allen City Council, District IV, in West Baton Rouge Parish. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 19, 2024, Mr. Berry filed a notice of candidacy with the West Baton Rouge Parish Clerk of Court, declaring his intent to run for council member of the City Council of Port Allen, District IV. Pursuant to La. R.S. 33:384[1] and 33:385(A),[2] a candidate for the Office of Port Allen City Council must be a resident of his respective ward and "shall have been domiciled and actually resided for at least the immediately preceding year in the municipality."

On July 26, 2024, April King, a registered voter within Port Allen City Council District IV, filed a petition objecting to Mr. Berry's candidacy. *See* La. R.S. 18:491.[3] Ms. King alleged that Mr. Berry had not been domiciled and actually residing for at least the immediately preceding year in the municipality of Port Allen. Ms. King attached voter lists from the Louisiana Secretary of State to her petition, which indicated that Mr. Berry voted in elections in East Baton Rouge Parish on October 14, 2023, and again on November 18, 2023, which is less than a year prior to the date he filed his notice of candidacy.[4]

---

[1] Louisiana Revised Statutes 33:384 provides:

> The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality.

[2] Louisiana Revised Statutes 33:385(A) provides:

> The qualifications of the aldermen shall be the same as are prescribed for the mayor, and in addition, those elected from wards must be residents of their respective wards.

For purposes of the above statute, councilman and alderman are synonymous. *See McClendon v. Bel*, 2000-2011 (La. App. 1 Cir. 9/7/00), 797 So.2d 700, 701, n.1.

[3] Louisiana Revised Statutes 18:491(A) provides that "[a] registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote."

[4] Ms. King also named Amanda Gros Thies (incorrectly spelled Amanda Gross Thies in the petition), West Baton Rouge Parish Clerk of Court, as a defendant. *See* La. R.S. 18:1402(A)(2), which provides that the clerk of court is a "proper [party] against whom actions objecting to candidacy shall be instituted" when the "candidate qualified with the clerk of court."

At the July 30, 2024 trial on Ms. King's objection to Mr. Berry's candidacy, Mr. Berry testified that he had a "secondary residence" in Baton Rouge where he lived from 2020 through 2023. Mr. Berry testified that he leased the property and his name was added to the lease, which he indicated ended at some point in 2022. Mr. Berry also confirmed that he voted in East Baton Rouge Parish elections in October 2023 and November 2023.

However, Mr. Berry also testified that he always "intended to be domiciled and reside in Port Allen," which is in West Baton Rouge Parish. He indicated that he has lived at 1016 Avenue A in Port Allen since he was born in 1986. He also testified that he attended school in Port Allen from grade school until he graduated high school, at which point he attended Grambling State University and enlisted in the United States Air Force Reserve. Moreover, Mr. Berry introduced his driver's license, issued on April 21, 2022, which reflected the Port Allen address, and Mr. Berry testified that he has never changed the address on his driver's license. Further, Mr. Berry produced a City of Port Allen water bill addressed to him at the Port Allen address dated July 1, 2024 (covering the service dates from May 6, 2024 to June 6, 2024).[5] In addition, Mr. Berry introduced a Certificate of Title and a Registration Certificate for a Lexus sedan that were both issued to Mr. Berry on October 26, 2021 and reflect Mr. Berry's Port Allen address.[6]

Following the hearing, the district court found that Mr. Berry did not actually reside in the municipality of Port Allen for more than a year prior to filing his notice of candidacy as required by La. R.S. 33:384 and 33:385. As such, the district court signed a judgment on July 31, 2024, specifically noting that "evidence offered by [Mr. Berry] of his connection to the Port Allen address did not satisfy the Court of his *actual residency*" and "declaring that Shelton Berry is disqualified from candidacy for the Office of Port Allen City Council, District IV, and his name be stricken from the ballot." Mr. Berry has appealed the district court's judgment.

---

[5] The bill is addressed to: "C/O SHELTON BERRY, CHARLES FIELDS, 1016 AVENUE A, PORT ALLEN, LA 70767." The CUSTOMER ACCOUNT INFORMATION identifies "CHARLES FIELDS" as the customer.

[6] In his appellate brief, Mr. Berry also contends that he introduced his W-2 wage statements and his tax statements. However, these items were not discussed at the hearing, were not introduced, and do not form part of the record on appeal.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Berry raises two assignments of error:

1. The Trial Court erred in ruling that the Defendant, Shelton Berry, was not a qualified candidate based on the Court's interpretation of La. R.S. 33:384, [La. R.S. 33:]385 and La. R.S. 18:101.

2. The Trial Court erred in ruling that the evidence offered by the Defendant of the connection to the Port Allen address did not satisfy the Court of his actual residency considering the number of documents as well [as] the uncontroverted testimony of Shelton Berry of his motive and intent to remain in place at his domicile and residence of 1016 Avenue A, Port Allen, La. 70767.

## DISCUSSION

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So.2d 535, 541. Once the party bearing the burden of proof has established a *prima facie* case that the candidate is disqualified, the burden shifts to the challenged candidate to rebut the showing. *Id.* at 542.

A court determining whether the plaintiff objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Landiak*, 899 So.2d at 541 (*quoting Becker v. Dean*, 2003-2493 (La. 9/18/03), 854 So.2d 864, 869 (*per curiam*)). Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Landiak*, 899 So.2d at 541.

The qualifications for city council member require that the candidate "shall have been **domiciled** and **actually resided** for at least the immediately preceding year in the municipality." La. R.S. 33:384 and 33:385 (emphasis added); *see also McClendon v. Bel*, 2000-2011 (La. App. 1 Cir. 9/7/00), 797 So.2d 700. In *Bradley v. Theus*, 28,714 (La. App. 2 Cir. 2/20/96), 668 So.2d 1304, 1308 (*per curiam*), *writ denied*, 96-0469 (La. 2/26/96), 668 So.2d 355, within the context of a mayoral race, the court explained that "[t]he legal requirement of domicile and actual residence is at least as strong as the constitutional requirement that a member of the legislature be 'actually domiciled' for the preceding year in the legislative district from which he seeks election. *See* La.

4

Const. art. 3, §4." The *Bradley* court noted that it concurred with *Davis v. English*, 28,251 (La. App. 2 Cir. 9/22/95), 660 So.2d 576 (*per curiam*), "with the view that the word 'actually' serves to emphasize the residence aspect of domicile, and that the apparent intent of the delegates to the Constitutional Convention was to limit candidacy for political office to citizens who actually live in the district they aspire to represent." *Bradley*, 668 So.2d at 1308-09.

Domicile and residency, for purposes of an election contest, present issues of fact. *McClendon*, 797 So.2d at 705. The standard of review of findings of fact by the district court is the clearly wrong or manifest error standard. *Id.* The reviewing court must review the record in its entirety to determine whether the district court's factual findings were clearly wrong or manifestly erroneous. *Id.*

On appeal, Mr. Berry urges that the evidence shows that he has lived at the family residence of 1016 Avenue A, Port Allen, Louisiana, 70767 for multiple years. Mr. Berry asserts that Ms. King's claim showing that he had a second residence in Baton Rouge is not relevant. Mr. Berry alleges that Ms. King failed to carry her burden of proving that he ever changed his domicile.

Mr. Berry notes that a person's domicile is defined as the place of his or her habitual residence. La. C.C. art. 38. Moreover, a person may reside in several places but may not have more than one domicile. La. C.C. art. 39. In the absence of habitual residence, any place of residence may be considered one's domicile at the option of persons whose interests are affected. La. C.C. art. 39.

Mr. Berry further notes that Louisiana courts have held that a party's uncontroverted testimony regarding his or her intent "may be sufficient to establish domicile, in the absence of documentary or other objective evidence to the contrary." *Landiak*, 899 So.2d at 543. Moreover, the types of evidence commonly considered by courts to determine domicile in fact include such things as voter registration, homestead exemptions, vehicle registration records, driver's license address, statements in notarial acts, and evidence that most of the person's property is housed at that location. Obviously, the more of these items presented by a party opposing

5

candidacy in a given case to show lack of domicile in the district, the more difficult it will be for the candidate to overcome the plaintiff's evidence. *Id.* at 543-44.

Mr. Berry contends that while he may have "spent a couple of nights a week at his temporary residence in East Baton Rouge Parish," there is no evidence that he intended to abandon 1016 Avenue A, Port Allen as his actual residence. Mr. Berry also contends that a candidate is not prohibited from having more than one actual residence; instead the law requires that the candidate's residence in the district is in fact an actual residence - *i.e.*, a real residence, not a fictitious residence simply designed to circumvent the residency requirements.

Mr. Berry avers that for many years, 1016 Avenue A, Port Allen has been his domicile, and that he has made it his "habitual residence." Mr. Berry contends that there is no evidence to show that he intended to permanently change his domicile nor that 1016 Avenue A, Port Allen is a fictitious residence.

Although Mr. Berry focuses heavily on domicile, we note that La. R.S. 33:384 and 33:385(A) also requires that the candidate "actually resided for at least the immediately preceding year in the municipality." Citing *Russell v. Goldsby*, 2000-2595 (La. 9/22/00), 780 So.2d 1048, 1052 (*per curiam*), Mr. Berry argues that courts must be cognizant of the realities of modern life, which often require a person to spend significant amounts of time at different locations. We acknowledge that a person can have multiple residences; however, we also note that our voter registration laws indicate that voter registration in a municipality evidences "an intention to reside there indefinitely." *See* La. R.S. 18:101(B).[7] Further, we observe that in *Bradley*, 668 So.2d at 1308, the Second Circuit noted the significance of voter registration ("Perhaps more than any other single fact, Mr. Theus's change of voter registration in May of 1995 to an address outside the city of Monroe, strikes a mortal blow to his legal arguments, despite a change back to Monroe in January 1996."). We recognize that voter registration is only

---

[7] Louisiana Revised Statutes 18:101(B) provides, in pertinent part:

> For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides.

one factor, albeit an important factor, in determining domicile and actual residence. *Clark v. Davis*, 41,769 (La. App. 2 Cir. 8/23/06), 938 So.2d 1103, 1106.

For instance, in *Clark*, the Second Circuit ultimately affirmed a district court's decision to allow a candidate for mayor to qualify for the election even though the candidate changed her voter registration six months prior to qualifying for the office. However, there was no indication that the candidate had voted in an election in another parish within the year preceding qualifying for mayor, and the candidate testified that she resided in the town for 17 months prior to qualifying for the office. In response, the only evidence introduced by the plaintiff challenging the candidacy was a prior Third Circuit decision. In affirming the district court's decision maintaining the candidacy, the Second Circuit, recognized among other things, the district court's great discretion regarding the factual determinations. *Id.* at 1107.

Here, the evidence adduced at trial reflects that Mr. Berry voted in two elections in East Baton Rouge Parish less than a year prior to qualifying as a candidate for the Port Allen City Council in West Baton Rouge Parish. Moreover, Mr. Berry acknowledged that he lived in East Baton Rouge Parish from 2020 through 2023, although he claimed that it was his second residence. Mr. Berry produced scant evidence to show that he "actually resided" in Port Allen for the 12 months prior to qualifying for council member. Specifically, the majority of the documentary evidence submitted by Mr. Berry in support of his claims predated his acts of voting in October and November 2023 in East Baton Rouge Parish. The remaining evidence fell within one year of qualifying. He presented a utility bill dated July 1, 2024, which, although addressed to Mr. Berry's care, lists "Charles Fields" as the customer – these references do not prove who was paying the bill or who was financially responsible for it.

The district court apparently gave much weight to Mr. Berry's admission that he lived in Baton Rouge from 2020 through 2023, and in fact, voted in Baton Rouge in October and November 2023, within the year immediately before he qualified as a candidate for Port Allen City Council member. Conversely, the district court apparently rejected Mr. Berry's evidence that he "actually resided" in Port Allen for the relevant time period. When there are two permissible views of the evidence, the district court's

7

choice between them cannot be manifestly erroneous or clearly wrong. *Stobart v. State through Dept. of Transp. and Dev.*, 617 So.2d 880, 883 (La. 1993). Considering the foregoing, we cannot conclude that the district court manifestly erred in finding that Mr. Berry was not actually residing in the municipality of Port Allen within a year of qualifying for the office of council member. Accordingly, we find no error in the district court's judgment disqualifying Mr. Berry as a candidate for the Office of Port Allen City Council, District IV.

## CONCLUSION

For the foregoing reasons, we affirm the district court's July 31, 2024 judgment. Costs of this appeal are assessed to appellant, Shelton Berry.

**AFFIRMED.**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 CE 0697**

**APRIL KING**

**VERSUS**

**SHELTON BERRY, AND HON. AMANDA GROSS THIES, WEST BATON ROUGE PARISH CLERK OF COURT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**McClendon, J., concurring.**

While I find Mr. Berry established his domicile in Port Allen, the more pertinent question here is whether he was actually residing in Port Allen during the statutorily required time period. Given the lack of evidence presented by Mr. Berry as to how often he stayed in Port Allen the year prior to qualifying, I concur with the result reached by the majority.

APRIL KING

VERSUS

SHELTON BERRY, AND HON.
AMANDA GROSS THEIS, W.B.R.
CLERK OF COURT

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

NO. 2024 CE 0697

CHUTZ, J., dissenting.

I disagree with the majority's affirmance of the trial court's disqualification of Shelton Berry's candidacy. The trial court disqualified Mr. Berry on the grounds he had not "actually resided" in the City of Port Allen for at least one year immediately preceding his qualifying, as required by La. R.S. 33:384 and 385. I believe the trial court legally erred in interpreting and applying these statutes.

In its oral reasons for judgment, the trial court stated the requirement that a candidate had "actually resided" in the municipality for the preceding year meant the candidate must have resided "continuously" in the municipality for the preceding year. Louisiana Revised Statutes 33:384 and 385 imposes no such requirement. The Louisiana Supreme Court has interpreted the phrase "actually resided" to mean the residence must be real rather than fictitious. See *Becker v. Dean*, 03-2493 (La. 9/18/03), 854 So.2d 864, 872; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1052. I believe the trial court's prejudicial legal error in imposing a requirement for candidacy not provided by statute interdicted its factual finding that Mr. Berry had not "actually resided" in Port Allen for the year preceding his qualification. *Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So.2d 731, 735.

Under La. C.C. art. 39, a person may have more than one residence. See also La. R.S. 18:101(B) (indicating a person may reside at more than one place); *McClendon v. Bel*, 00-2011 (La. App. 1st Cir. 9/7/00), 797 So.2d 700, 704. Thus, the evidence presented at the hearing indicating Mr. Berry resided in Baton Rouge

during the pertinent time does not preclude him from meeting the requirement that he "actually resided" in Port Allen, including for the year preceding his qualification. Nothing in La. R.S. 33:384 and 385 indicates a candidate for council member must have resided either *exclusively* or *continuously* in the applicable municipality.

There was evidence presented indicating Mr. Berry maintained a residence in Port Allen at the same time he maintained a residence in Baton Rouge. In addition to his own testimony, this evidence included a utility bill for the Port Allen address and Mr. Berry's driver's license and vehicle registration, which both list his Port Allen address. No evidence was presented refuting Mr. Berry's testimony that he maintained residences in both Port Allen and Baton Rouge during the applicable period.

Accordingly, I disagree with the majority upholding the trial court's judgment based on the principle that when there are two permissible views of the evidence, the district court's choice between them cannot be manifestly erroneous. The application of this principle in an election case is directly contrary to the jurisprudence providing that any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. See *Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So.2d 535, 541. In this case, it is a permissible view of the evidence that Mr. Berry maintained residences in both Port Allen and Baton Rouge during the year preceding his filing his notice of candidacy. Any doubt as to this matter should have been resolved in favor of allowing his candidacy. In Louisiana, election laws *must* be interpreted to give the electorate the widest possible choice of candidates. Thus, in determining whether the person objecting to another's candidacy has carried his burden of proof, a court must liberally construe the election laws so as to promote rather than defeat candidacy. See *Landiak*, 899 So.2d at 541; *Russell*, 780 So.2d at 1051.

Accordingly, I respectfully dissent.

2